# ADELAIDA OLIVIERI ET AL.

### *v.*

# ANTONIO OLIVIERI Y NEGRON ET AL.

---

Ponce, Equity, No. 196.

REDEMPTION FROM TAX SALE.

**Tax Sale—Order of Court.**

1. It is anomalous for the Federal court to conduct a tax sale and consider redemption therefrom. If, however, this was agreed upon

Olivieri v. Olivieri y Negron.

by all concerned, including the taxing power, the matter will be ad-
judicated in the Federal court.

Sale of Land—Inscription of Deed.

2. If a person buys a piece of land, and a deed containing the de-
scription is properly inscribed in the Registry of Property, proper no-
tice will be held to have been given according to the mortgage law.

Registry of Real Property—Description.

3. The records of the real property registry are arranged in books
according to the location of the land, and not according to the names
of owners. While a deed not containing a description may be bind-
ing between the parties as a contract, it could not affect third par-
ties.

Redemption—Agreement.

4. If the statement of facts agreed on for the trial recites a cer-
tain interest, this will bind for the purposes of the trial, regardless
of what may have been proved on this point in other branches of the
case.

Opinion filed January 7, 1915.

———

*Mr. J. Henri Brown* for Fuster Hermanos.

*Messrs. José A. Poventud* and *José Tous Soto* for Antonio
Franceschi.

HAMILTON, Judge, delivered the following opinion:

The estate of Felix Olivieri Cervoni was in a receiver's hands
in the Federal court, and upon the application of the attorney
general of Porto Rico this court, on October 9, 1911, rendered
a decree reciting taxes due upon the property of the estate, and
in particular upon two tracts numbered 11 and 17 in the decree,
and directing a special commissioner to sell the several tracts

for the amount of taxes, interest, and costs, after giving due notice of time, place, and terms of sale and description of land by publication. The decree expressly makes the sale "subject to the right of redemption as provided in the laws of Porto Rico." The sale was had and confirmed.

All the heirs of Olivieri except Doña Adela had sold the property of the estate to Antonio Franceschi. Subsequently, on June 8, 1910, Doña Adela made a sale by public deed to Antonio Franceschi wherein the property known as No. 17 was expressly mentioned, and there was also included "any other lands in the same barrios as the lands which are described." Subsequently, on January 11, 1912, Doña Adela sold to Fuster Hermanos & Company the lands numbered 11 and 17.

Then came the tax sales. The agreement states:

"Parcel of land No. 17 was sold at public auction, by order of this honorable court, on November 28, 1911, for the payment of taxes due on said property to the People of Porto Rico, which said tract of land was bid in and purchased at such public sale by Mr. Joaquin Tristani, in whose favor and behalf was executed the public deed of sale by the special master of this court, Mr. Rafael Guillermety, on April 13, 1912, before Notary Public Frank Antonsanti, under number 22.

"Parcel of land No. 17 was sold by said Joaquin Tristani, by deed No. 94 executed before Notary José Tous Soto, on November 18, 1912, to the aforesaid Antonio Franceschi.

"Parcel of land No. 11 was also sold at auction for the payment of taxes due on same, by order of this honorable court, on November 28, 1911, the same having been purchased by Mr. Juan Bautista Pacheco, to whom the special master of the

court, Mr. Rafael Guillermety, executed the proper deed of sale
on April 13, 1912, before Notary Public Frank Antonsanti.

"Said property was in turn sold by said Juan B. Pacheco to
Mr. Walter MacK. Jones, by deed dated October 29, 1912,
which, under No. 91, was executed before Notary Public José
Tous Soto, the said sale having been made to the aforenamed Mr.
Jones in his capacity of assignee of the interest and rights
which belonged to said Antonio Franceschi for the redemption
of said property, as assignee the latter of all the rights and
interest of the heirs of Felix Olivieri (except of Doña Adela
Olivieri) in and to said finca, which said interest and share of
the aforesaid heirs amounted to eight ninths thereof.

"The said Mr. Jones is now in actual possession of parcel
No. 11, and the said Franceschi is the possessor of the other
parcel No. 17."

On November 29, 1912, Fuster Hermanos filed a motion or
petition in this court that they be allowed to redeem the lands
described as No. 11 and 17, and they duly deposited with the
clerk $4,661.44 in payment of the purchase price, including
interest at 12 per cent per annum. The application was and is
resisted by Antonio Franceschi. The case has been submitted
upon an agreed statement of facts dated January 19, 1914,
and upon briefs of the parties recently filed.

1. It is somewhat anomalous that this court should conduct
a tax sale and that a redemption from a tax sale should come
up here. It seems, however, that this was the course agreed
upon by all concerned, including the People of Porto Rico,
and that the right of redemption from such sale was expressly
reserved. It is agreed that Antonio Franceschi is the party
from whom redemption must be made of lot No. 17, if at all,

Olivieri v. Olivieri y Negron.

and as all parties in interest are really before the court, it will proceed to adjudicate their rights.

2. The case presents an instance of what is claimed to be a double sale of Doña Adela Olivieri. Her deed to Antonio Franceschi in 1910 describes parcel No. 17 by metes and bounds, and does not specifically mention tract No. 11, in which it is agreed her interest is one ninth. The remaining eight ninths interest in parcel No. 11 is concededly that of Antonio Franceschi by his purchase from the other heirs. The ownership of parcel No. 17 was duly inscribed in the Registry of Property in the name of Antonio Franceschi. The agreed statement of facts limits the opposition of Antonio Franceschi to No. 11 and 17.

It would seem upon the facts, therefore, that the deed from Doña Adela to Franceschi in 1910 covered lot No. 17 and also all the remainder of her father's estate, and that this deed was duly inscribed. Lot 17 was described, and therefore proper notice given according to the mortgage law. This passed the title to Lot 17 to Franceschi, and Fuster Hermanos therefore have no right of redemption in that property.

3. How far No. 11 was affected by the deed of her other interests in her father's estate depends upon the mortgage law. That gives the requisites of the instrument and of the record in article 9 as follows: "Every record made in a registry shall set forth the following details. 1. Nature, location, and bounds of the real property the subject of record, or which is affected by the rights to be recorded, and its area according to the standard used in the country, and its equivalent in the metric decimal system, the name and number of the estate, if shown in the instrument. In point of fact, these records are arranged in books

Olivieri v. Olivieri y Negron.

according to location of the real property in question, and the entries run in series according to the different pieces of property inscribed. In other words, the arrangement is according to description of the land, and not according to the name of the supposed owners, in this differing from the common-law deed records. Accordingly, while such deed as that between Doña Adela and Franceschi could, as between the parties, convey all right to her father's estate without describing it in detail, it would be rather by way of estoppel than by conveyance, and rather be a ground for specific performance than be a conveyance *per se*. At all events, it could not affect third parties, and Fuster Hermanos, having received in 1912 a public deed which distinctly conveys lot 11, are not affected by the previous deed and inscription which do not describe and as to them cannot legally convey lot 11. Their right, therefore, must prevail over that of Franceschi to lot 11.

4. Fuster Hermanos are entitled to redeem from the tax sale whatever they acquired by deed from Doña Adela. The agreed statement of facts gives this as one-ninth interest. Their brief, however, alleges that in the main case this court has decided she has an additional two-thirds interest. Whatever be the merit of this claim, the parties, for the purposes of this controversy between Franceschi and Fuster, are bound by their agreement. It would seem, however, that one Walter McK. Jones is, according to the statement of facts, the assignee of Pacheco, the tax purchaser of No. 11, and it may be that some other situation may be presented in that regard.

A decree will be entered refusing the motion of Fuster Hermanos to redeem lot No. 17, and granting this motion to redeem their interest in No. 11, described in the tax decree of

October 9, 1911, and directing the return of so much of their deposit as is not needed for that purpose.

It is so ordered.